*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

LORENZO JEROME MONTGOMERY, JR.,

        Defendant-Appellee.

UNPUBLISHED
June 17, 2025
3:38 PM

No. 370663
Wayne Circuit Court
LC No. 23-005497-01-FH

Before: MALDONADO, P.J., and M. J. KELLY and RIORDAN, JJ.

PER CURIAM.

In this domestic violence action, the prosecution appeals by leave granted[1] the trial court's order excluding as inadmissible statements made by the victim to law enforcement regarding her alleged assault by defendant, Lorenzo Jerome Montgomery, Jr. The trial court held that the victim's statements were testimonial, making them inadmissible under the Sixth Amendment's Confrontation Clause, US Const, Am VI. We reverse and remand.

## I. BACKGROUND

Defendant is charged with first-degree home invasion, MCL 750.110a(2); intentionally discharging a firearm at a building, MCL 750.234b(1); assault with intent to do great bodily harm less than murder or by strangulation, MCL 750.84; second-degree child abuse, MCL 750.136b(3); carrying a firearm during the commission of a felony, MCL 750.227b; and domestic violence,

---

[1] *People v Montgomery*, unpublished order of the Court of Appeals, entered April 26, 2024 (Docket No. 370663). This Court also granted a stay of the trial court proceedings pending this appeal. See *id*.

MCL 750.81(2);[2] stemming from an altercation between defendant and the victim during a custody exchange of their three-year-old child, BM.

Defendant went to the victim's home as agreed to retrieve BM, and on arrival, became upset because there was another male inside the home. Defendant began to bang and pound on the windows and doors until the victim opened the side door, handed BM to defendant, and closed the door. After the victim gave BM to defendant, defendant broke through the side door with a handgun, placed the victim in a chokehold, and dragged her into a bedroom. BM ran back into the house, and defendant picked up BM before firing his gun into the ceiling. Defendant carried BM outside to his vehicle, firing his gun a second time into the air from the front porch, before leaving with BM.

Shortly after, the victim called her mother, Estella Hardy, crying, at which point Hardy drove to the victim's home, arriving about 10 minutes after the telephone call. Hardy saw a contusion on the side of the victim's head and asked the victim where BM was located. Hardy told the victim that they should call the police, and officers arrived in less than 15 minutes. Officer Drew Macaechren received a dispatch for a possible home invasion and domestic dispute. The victim gave Officer Macaechren defendant's cellular phone number, and dispatch contacted defendant's phone carrier service to locate defendant. Defendant was taken into custody at his home, and BM was located in an upstairs room.

The victim did not testify at defendant's preliminary examination; however, Officer Macaechren and Hardy testified about the events and statements made by the victim. After defendant was bound over, the prosecution moved to admit the victim's statements to Officer Macaechren under MCL 768.27c (admissibility of statement by declarant relating to infliction or threat of physical injury). Defendant objected, arguing that the statements were testimonial and admitting them would violate his confrontation right under the Sixth Amendment. Relying on the preliminary examination testimony, the trial court found that the victim's statements to Officer Macaechren were not made to assist with an ongoing emergency but rather were made to assist with prosecuting defendant, and as such, were testimonial. Accordingly, the trial court denied the motion. The prosecution then moved for a stay in the proceedings under MCR 6.126 (decision on admissibility of evidence), which the trial court denied on the basis that "an appeal would be frivolous because legal precedent is clearly against the prosecutor's position." This appeal followed.

## II. DISCUSSION

The Supreme Court has identified several factors that courts should consider when determining if statements to police are testimonial:

The existence of an emergency or the parties' perception that an emergency is ongoing is among the most important circumstances that courts must take into

---

[2] Charges of assaulting, resisting, or obstructing a police officer causing injury, MCL 750.81d(2), and assaulting, resisting, or obstructing a police officer, MCL 750.81d(1), were dismissed at defendant's preliminary examination.

account . . . because statements made to assist police in addressing an ongoing emergency presumably lack the testimonial purpose that would subject them to the requirement of confrontation. [*Michigan v Bryant*, 562 US 344, 370; 131 S Ct 1143; 179 L Ed 2d 93 (2011).]

Ultimately, "whether an emergency exists and is ongoing is a highly context-dependent inquiry. *Id*. at 363. In assessing a possible ongoing risk, the type of weapon—such as a gun as compared to the use of fists—should be considered to determine whether a threat has been neutralized or an emergency remains ongoing. *Id*. at 364. The victim's medical state is also relevant and "provides important context for first responders to judge the existence and magnitude of a continuing threat to the victim, themselves, and the public." *Id*. at 365. The formality of the encounter between a victim and the police also should be considered. *Id*. at 363. Also relevant are the motives of the interrogators and declarants during the questioning, as well as what is known to them or perceived by them regarding whether the emergency is ongoing, as evinced by the questions asked and the statements made. *Id*. at 368-376.

In the present case, defendant asserts that the prosecution and defense both possess footage from the body-worn camera of one of the responding officers that presents an objective perspective of the victim's statements to police. The footage was not introduced at defendant's preliminary examination, so the trial court's determination that the victim's statements to police were testimonial was based only on the testimony of Hardy and Officer Macaechren. It is our view that the body-worn camera footage is highly relevant for determining whether the victim's statements to police were testimonial. See *id*. Because there were no findings of fact regarding the body-worn camera footage, the existing record is insufficient for us to review. However, MCR 7.216(A)(5) provides that this Court "may, at any time, in addition to its general powers, in its discretion, and on the terms it deems just . . . remand the case to allow additional evidence to be taken[.]" Therefore, we remand this matter to the trial court to examine the body camera footage as part of its determination of whether the victim's statements were testimonial.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Michael J. Riordan

-3-